IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIE WILLIAMS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 3:21-cv-00612 |
| DARON HALL, et al., | ) ) ) | Judge Trauger |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

On August 6, 2021, pretrial detainee Willie Williams filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1.) He did not pay the five-dollar habeas filing fee, nor did he seek leave to proceed in forma pauperis (IFP). By order entered August 30, 2021 (Doc. No. 4), the court informed the petitioner that he must do one or the other of these things for the court to consider his petition.

The court directed the Clerk to send the petitioner a blank IFP application form and ordered the petitioner to either pay the five-dollar filing fee or file an IFP application that complies with Habeas Rule 3(a) within 30 days. (*Id.*) The court explicitly cautioned the petitioner that failure to comply with the court's order (or seek an extension of time within which to do so) within the time frame specified, or failure to keep the court apprised of his current address, may result in the dismissal of this action. (*Id.* at 2.) The 30-day deadline has now passed, and the petitioner has neither paid the filing fee nor filed an IFP application.

The petitioner has failed to comply with the court's order to cure the deficiency in his filing. Dismissal of this action is therefore proper under Federal Rule of Civil Procedure 41(b), for "fail[ure] to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "It is

clear that the district court [has] the power . . . to enter a sua sponte order of dismissal" under Rule 41(b). *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of habeas petition for want of prosecution and failure to comply with court order to cure filing deficiency); *Smith v. Michigan Dep't of Corr. Hearings Div.*, No. 14-14790, 2015 WL 4620605, at *1–2 (E.D. Mich. July 31, 2015) (dismissing habeas petition under Rule 41(b) for failure to pay filing fee or submit IFP application).

Under Rule 41(b), dismissal for failure to prosecute can be either with or without prejudice. While dismissal is warranted in view of the petitioner's fault in failing to prosecute his case, the court finds dismissal without prejudice to be appropriate in view of the petitioner's pro se status and the general preference for disposing of cases on their merits. *See Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted,* 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018) (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011)); *Smith*, 2015 WL 4620605, at *2 & n.1.

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge